

# PAVAN PARIKH
# HAMILTON COUNTY CLERK OF COURTS

## COMMON PLEAS DIVISION

```
ELECTRONICALLY FILED
May 8, 2023 12:11 PM
     PAVAN PARIKH
   Clerk of Courts
 Hamilton County, Ohio
CONFIRMATION 1317676
```

**DENNIS PAUL HICKS**                                **A 2301917**

**vs.**
**HSBC US BANK NATIONAL**
**ASSOCIATION**

**FILING TYPE: INITIAL FILING (IN COUNTY) WITH NO JURY DEMAND**

**PAGES FILED: 11**

EFR200



# IN THE COURT OF COMMON PLEAS
# HAMILTON COUNTY, OHIO

**CASE NO.**

**DENNIS PAUL HICKS**

--VS--

**PHH MORTGAGE CORPORATION, INC.**

AND

**HSBC US BANK, NATIONAL ASSOCIATION**

**TYPE OF FILING**

**INITIAL COMPLAINT**

# TABLE OF AUTHORITIES

## CASES

*Countrywide Home Loans Servicing, L.P. v. Nichpor, 136 Ohio,*
　　(Ohio, 2013) 2013 Ohio 2083; 991 N.E.2d 1076...................................................................

*Chapman v. City of Shaker Heights,*
　　(Ohio App. 2006) 2006 Ohio 6369.......................................................................................

*Reaves v. Residential Credit Solutions, Inc.,*
　　(S.D. Ohio July 26, 2012) 2012 U.S. Dist. LEXIS 102922....................................................

*Morris v. PHH. Smith, R (n.d.),*
　　(2022 FLSD Docket) 185………………………………………………………………….6

*Home Loans Servicing, L.P. v. Williams,*
　　(Ohio App. 2012) No. 27622, 2012 Ohio 5565....................................................................

*Gibbons v. U.S. Bank Nat'l Assn,*
　　(6th Cir. 2016) 638 F. App'x 472.........................................................................................

*Sears v. Koehler Mgmt. Corp., 119 Ohio,*
　　2008 Ohio 3523; 892 N.E.2d 1043.......................................................................................

*U.S. Bank Nat'l Ass'n v. Speights,*
　　2014 Ohio 5562; 24 N.E.3d 661...........................................................................................

*Wells Fargo Bank, N.A. v. Horn,*
　　2016 Ohio 5102; 68 N.E.3d 174...........................................................................................

(7th Cir. 2007) 491 F.3d 638.............................................................................................................

## FEDERAL STATUTES

12 U.S.C.
　　§ 2605...................................................................................................................................4, 9
　　§ 2607......................................................................................................................................4

## STATE STATUTES

Ohio
　　Ohio Rev. Code 1345.02............................................................................................................5
　　Ohio Rev. Code Ann. 1345.02...........................................Error: Reference source not found

## OTHER AUTHORITIES

https://dockets.justia.com/docket/district-of-columbia/dcdce/1:2018cv00025/191573..................

3

http://www.supremecourt.ohio.gov/rod/docs/pdf/0/2013/2013-ohio-2083.pdf...............................

*https://morrisvphhspeedpaysettlement.com/pdf/Preliminary_Approval_Order.pdf.......................*

https://www.law.cornell.edu/uscode/text/12/2605.........................................................................

https://law.justia.com/cases/ohio/eighth-district-court-of-appeals/2014/100689.html....................

https://codes.ohio.gov/ohio-revised-code/section-1345.02............................................................

https://law.justia.com/cases/ohio/twelfth-district-court-of-appeals/2016/ca2016-01-001.html.…

---

## STATEMENT OF FACTS

      Dennis Hicks, a 68-year-old man battling cancer in his leg, has undergone three major surgeries to address the issue. He holds a loan with the HSBC US Bank, National Association, an American division of the multinational corporation HSBC. With operational headquarters in New York City and a nominal head office in McLean, Virginia, the bank manages Dennis' loan which was initially serviced by Ocwen Financial Corporation (*Ocwen*).

Ocwen is a provider of residential and commercial mortgage loan servicing, special servicing, and asset management services. In 2019, the servicing of Dennis' loan was transferred to the PHH Mortgage Corporation (*PHH),* a subsidiary of Ocwen Financial Corporation. By March 2020, HSBC US Bank, National Association initiated the foreclosure process on Dennis' home, which led him to pursue two separate loan modifications.

During his second loan modification, PHH failed to inform Dennis of a critical packet he was supposed to receive, complete, and return by a specific deadline. Despite this omission, Dennis adhered to the rules he was provided, paying three installments on time as stipulated for obtaining the modification. Subsequently, he received a notice of a sheriff's auction for his home, which was to be held at the courthouse.

Desperate to save his home, Dennis attempted to contact PHH, offering them a $5000 payment towards his loan. Unfortunately, they declined his offer, and on September 14, 2023, Dennis'

4

house was foreclosed. On March 27th, he received a notice instructing him to vacate the property within 30 days.

In response, Dennis filed for a Motion to Stay and an application for reconsideration, but HSBC US Bank, National Association opposed these efforts, requesting that the motions be denied. Ultimately, on April 22, 2023, Dennis was compelled to relocate from his home to the garage and given an additional 30 days to vacate the garage entirely.

---

### ARGUMENT

I. **PHH Mortgage Corporation Violated the Real Estate Settlement Procedures Act (RESPA)**

PHH Mortgage Corporation's actions in handling Mr. Hicks' mortgage, including the subsequent loans modifications and foreclosure proceedings, amount to violations of the Real Estate Settlement Procedures Act (RESPA). RESPA requires mortgage servicers to provide borrowers with accurate and timely information about their loans and prohibits them from charging unauthorized fees. (*12 U.S.C. § 2605*).

As a part of an ongoing class-action lawsuit, PHH Mortgage Corporation and Ocwen Financial Corporation have been preliminarily found to have engaged in illegal and improper fees on loans like Mr. Hicks', indicating a clear violation of RESPA. *See (Loan No. 7092834212)*.

The alleged misconduct includes that PHH Mortgage Corporation and Ocwen Financial Services violated *Section 1692f (1)* of the FDCPA, the FCCPA, the FDUTPA, and/or breached borrower mortgage agreements and deeds of trust by charging Convenience Fees to borrowers for making loan payments by telephone, through IVR, or through the internet, as evidenced by Mr. Hicks' mortgage statements. *(See Exhibit A)*. Under RESPA, these types of unauthorized fees – which were both improper and unrelated to the services rendered – are prohibited. *See (12 U.S.C. § 2607)*.

5

Furthermore, PHH has a history of engaging in similar RESPA violations. In 2018, PHH Mortgage Corporation settled with the Consumer Financial Protection Bureau (CFPB) for $45 million over allegations of improperly handling mortgage loans. *See (Consumer Financial Protection Bureau v. PHH Mortgage Corporation, No. 1:18-cv-00025 (D.D.C. 2018)* (*https://dockets.justia.com/docket/district-of-columbia/dcdce/1:2018cv00025/191573)*. This pattern of misconduct further supports the claim that Mr. Hicks' mortgage was mishandled, in violation of RESPA.

II. **PHH Mortgage Corporation Violated the Ohio Consumer Sales Practices Act (OCSPA)**

In addition to the RESPA violations, PHH Mortgage Corporation's actions also demonstrate a violation of the Ohio Consumer Sales Practices Act (OCSPA). The OCSPA prohibits unfair, deceptive, or unconscionable acts in consumer transactions. (*Ohio Rev. Code § 1345.02*).

PHH Mortgage Corporation's handling of Mr. Hicks' mortgage constitutes an unfair and deceptive act under the OCSPA. The company's failure to properly service Mr. Hicks' mortgage and its improper imposition of fees align with the OCSPA's prohibited acts. Moreover, other courts in Ohio have found mortgage servicers' wrongful foreclosure practices to be cruel and unconscionable under the OCSPA. *See, e.g., (Countrywide Home Loans Servicing, L.P. v. Nichpor*, 136 Ohio St.3d 55, 2013-Ohio-2083, 991 N.E.2d 1076 *(Ohio, 2013)*), a*http://www.supremecourt.ohio.gov/rod/docs/pdf/0/2013/*2013-ohio-2083*.pdf*.

III. **An Injunction Should Be Granted to Relieve Dennis Hicks' Home from Being Foreclosed Upon and to Preserve His Rights as a Class Action Participant**

   A. **Legal Standard for Granting an Injunction**

To qualify for an injunction in Hamilton County, Ohio, a party must demonstrate:

   **1.** A clear legal right to be protected or a likely success on the merits.

6

> 2. Irreparable harm will result absent the injunction.
>
> 3. The injury to the movant outweighs the harm the injunction would cause to the opposing party.
>
> 4. The public interest would be served by the injunction *(Chapman v. City of Shaker Heights, 2006-Ohio-6369, ¶ 21 (Ohio App. 2006)).*

In the present case, Dennis Hicks meets all these requirements.

### B. **Dennis' Clear Legal Right to Be Protected and Likely Success on the Merits**

Dennis is part of an ongoing class action lawsuit *that* has been preliminarily approved by the Southern District Court of Florida Fort Lauderdale Division. *See (Smith, R. (n.d.). Morris v. PHH Mortgage Corporation. Morris v. PHH Speedpay Settlement.) (https://morrisvphhspeedpaysettlement.com/pdf/Preliminary_Approval_Order.pdf )* Being a part of this class, it demonstrates that Dennis has a clear legal right to be protected from unlawful foreclosure proceedings. Moreover, Dennis has a strong likelihood of success on the merits of his claims in this class action suit, which alleges violations of the Fair Debt Collection Practices Act (*FDCPA*) have occurred.

In particular, the class action alleges that PHH Mortgage Corporation and Ocwen Financial Services violated *Section 1692f (1)* of the *FDCPA*, the *FCCPA*, the *FDUTPA*, and/or breached borrower mortgage agreements and deeds of trust by charging Convenience Fees to borrowers for making loan payments by telephone, through IVR, or through the internet.

### C. **Dennis Will Suffer Irreparable Harm Absent an Injunction**

Without an injunction, Dennis is being subjected to irreparable harm. Losing his home is devastating, especially due to his status as an elderly disabled individual living on a fixed retirement income. Moreover, Dennis has lived in his home for 19 years, and uprooting him from his longtime residence virtually amounts to an immeasurable harm. Courts have recognized that the loss of a home is a unique and irreparable harm that justifies granting an Injunction. *(Reaves v. Residential Credit Solutions, Inc., No. 1:10-cv-463-TSB, 2012 U.S. Dist. LEXIS 102922, at \*29 (S.D. Ohio July 26, 2012))* (Granting the borrower a preliminary injunction in a foreclosure case, highlighting that the potential loss of a home is a unique and Irreparable harm).

D. **Balancing of Harms and Public Interest**

Lastly, the balance of harms and public interest considerations both favors granting an injunction. It cannot be disputed that Dennis' risk of losing his home far outweighs any harm that the HSBC US Bank, National Association, or PHH Mortgage Corporation might suffer by delaying or voiding foreclosure proceedings. If Dennis is correct in his assertions that his loan was serviced in violation of RESPA and OSCPA, then he should not be subjected to an unlawful foreclosure, especially when such action would amount to irreputable harm.

In addition, the public interest is served by ensuring that lenders and servicers adhere to proper legal practices and do not violate statutes like RESPA and OCSPA. Courts have long recognized that preserving homeownership and protecting homeowners from unlawful practices is a critical public interest. *See, e.g., (;BAC Home Loans Servicing, L.P. v. Williams, No. 27622, 2012-Ohio-5565, ¶ 37 (Ohio App. 2012))* (Acknowledging the "genuine public interest" in protecting homeowners from unlawful foreclosures and predatory lending practices).

8

IV. **The Pending Class Action Lawsuit Against PHH Mortgage Corporation, in which Dennis is a Part of the FDCPA Class, the RESPA and OCSPA Violations, and the Unique Circumstances of Dennis's Case, All Support a Finding that the Conveyance Should Be Declared Void.**

A. **The Pending Class Action Against PHH Mortgage Corporation Supports a Finding that the Conveyance Should Be Declared Void.**

Dennis Hicks is a member of the ongoing class action lawsuit against PHH Mortgage Corporation for violations of the Fair Debt Collection Practices Act (*FDCPA*). (*See Exhibit A)* Prevailing in that lawsuit could establish that PHH's collection practices were unlawful and support declaring the conveyance void in this foreclosure action. *See (Gibbons v. U.S. Bank Nat'l Assn, 638 F. App'x 472, 476 (6th Cir. 2016)).* (Finding that the plaintiff's allegations that the defendants had engaged in unfair and illegal debt-collection practices could provide a basis for setting aside a foreclosure judgment).

Moreover, class actions help to "efficiently and fairly determine" litigants' rights, including those of persons similarly situated to Dennis Hicks. *(Sears v. Koehler Mgmt. Corp., 119 Ohio St.3d 104, 2008-Ohio-3523, 892 N.E.2d 1043, ¶ 26 (citing cases)).* Thus, the Court should recognize the informed decision by Dennis Hicks and other similarly situated litigants to advance their rights in the parallel class action lawsuit against PHH Mortgage Corporation by refraining from rushing to judgment in this foreclosure action.

B. **PHH Mortgage Corporation's Alleged Violations of RESPA and OCSPA Support a Finding that the Conveyance Should Be Declared Void.**

In addition to the pending class action against PHH Mortgage Corporation, there is substantial evidence to suggest that PHH violated the Real Estate Settlement Procedures Act (RESPA) and the Ohio Consumer Sales Practices Act (OCSPA), further bolstering the argument that the conveyance should be declared void.

RESPA aims to protect a borrower's rights by requiring transparency in mortgage servicing and the timely resolution of borrower inquiries. *See* (*12 U.S.C. § 2605(e))* (https://www.law.cornell.edu/uscode/text/12/2605). In the present case, Dennis Hicks was in the process of obtaining a loan modification when PHH Mortgage Corporation proceeded with the Sheriff's Auction Sale without providing proper notice, thereby violating RESPA. *See (U.S. Bank Nat'l Ass'n v. Speights,* 2014-Ohio-5562, 24 N.E.3d 661, ¶ *36 (8th Dist.))* (Holding that the plaintiff's complaint was subject to dismissal because of alleged RESPA violations) (https://law.justia.com/cases/ohio/eighth-district-court-of-appeals/2014/100689.html).

Similarly, OCSPA imposes obligations on suppliers to refrain from deceptive or unconscionable practices while engaging with consumers. *(Ohio Rev. Code Ann. §1345.02-03)* (https://codes.ohio.gov/ohio-revised-code/section-1345.02). The allegations in this case include that PHH Mortgage Corporation engaged in deceptive and unconscionable practices, including denying Dennis Hicks's attempt to make a $5,000 payment to catch up on his mortgage obligations. This refusal directly led to Dennis's current situation of homelessness despite his good faith effort to rectify the mortgage arrears. These alleged violations of RESPA and OCSPA support a finding that the conveyance should be declared void.

C. **Dennis Hick's Homelessness, Health Issues, and Age, as well as the Sheriff's Auction Sale Taking Place During a Loan Modification, All Support a Finding that the Conveyance Should Be Declared Void.**

Finally, the unique circumstances of Dennis Hicks's case—including his homelessness, cancer diagnosis, age, and the Sheriff's Auction Sale taking place during his loan modification—further bolster the argument that the conveyance should be declared void. Courts have recognized that vulnerability on the part of the plaintiff, such as age or illness, may warrant equitable relief for the plaintiff in foreclosure cases. *See, e.g., Wells Fargo Bank, N.A. v. Horn,* 2016-Ohio-5102, 68

10

<u>N.E.3d 174</u>, ¶ 15 (12th Dist.) (<u>https://law.justia.com/cases/ohio/twelfth-district-court-of-appeals/2016/ca2016-01-001.html</u>). (Mentioning that a court's equitable powers in foreclosure cases can be exercised in ways that protect the vulnerable).

In conclusion, the pending class action lawsuit against PHH Mortgage Corporation, the alleged violations of RESPA and OCSPA, and the unique circumstances of Dennis Hicks's case, taken together, Dennis Hicks respectfully requests the court to **GRANT** that the conveyance in this foreclosure action be declared void, and he be provided a remedy or appropriate injunctive relief. This aligns with the precedent established in <u>491 F.3d 638</u> (7th Cir. 2007)), in which a foreclosure was temporarily halted during a class action lawsuit.)  This pattern of harmful and predatory behavior, evidenced by the company's history of misconduct and pending class-action lawsuit, supports the assertion that Mr. Hicks is entitled to relief under the law.

Dennis Hicks
Pro Se Litigant

+1 (513) 290 – 2876

coolbreezeandheat@gmail.com

_____

### CERTIFICATE OF SERVICE

I certify that a copy of this motion was served upon: **PHH Mortgage Corporation** and **HSBC US Bank, National Association** on May 2, 2023, as follows: **Fax** and **Certified Mail Service.**