UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DENNIS PAUL HICKS,

    Plaintiff,

        v.

PHH MORTGAGE CORPORATION,
INC., et al.,

    Defendants

Case No. 1:23-cv-356

Cole, J.
Bowman, M.J.

## REPORT AND RECOMMENDATION

This case was initiated by pro se Plaintiff Dennis Hicks in state court, but was removed to this Court by Defendants PHH Mortgage Corporation Inc. ("PHH") and HSBC US Bank, National Association ("HSBC"). It has been referred to the undersigned magistrate judge for initial consideration of all pretrial motions. (Doc. 6). Two motions are considered here: (1) Defendants' motion to dismiss; and (2) Plaintiff's motion for default judgment. For the reasons below, the undersigned recommends that Defendants' motion be granted and Plaintiff's motion be denied.

    **I.**    **Background[1]**

Plaintiff filed suit against Defendants after he lost his home to foreclosure in state court. Prior to the foreclosure, Plaintiff held a mortgage with HSBC, which mortgage was serviced by PHH. (Doc. 2 at 4). In February 2020, HSBC filed a foreclosure action in the Hamilton County Court of Common Pleas on Plaintiff's home. *See HSBC Bank USA, Nat'l Ass'n v. Hicks*, No. A 2000742 (Ohio Ct. Comm. Pls., Hamilton Cnty). When Plaintiff failed

---

[1]Most of the background is drawn from Plaintiff's complaint. That said, the complaint refers to a foreclosure case filed in the Hamilton County Court of Common Pleas and a class action case filed in in the Southern District of Florida. Both case proceedings are central to the Court's analysis and subject to judicial notice; therefore, some facts have been included from the publicly available records of those cases.

1

to respond, HSBC moved for default judgment, providing proof of valid service. Despite his failure to timely defend against the underlying state foreclosure case, Plaintiff alleges that he made three payments on unspecified dates sometime after foreclosure proceedings were begun. (Doc 2 at 4). His attempts to obtain a loan modification proved unsuccessful.

The state court record reflects that on September 17, 2021, the Hamilton County Court of Common Pleas granted HSBC's motion for default judgment and ordered the sale of the property. The first time a Sheriff's sale was scheduled, HSBC successfully moved the state court to withdraw the date of sale on grounds that the "borrower is under active loss mitigation." See *Hicks*, No. A 2000742, motion filed Jan. 25, 2022. Eventually, however, a second order for sale was issued, with a Notice dated August 11, 2022 informing all parties that the property would be sold on September 14, 2022. On November 1, 2022, the deed of foreclosure and sale of the property to HSBC was confirmed, acting as a final judgment of the foreclosure action. *See id*. (Entry Confirming Sale and Ordering Distribution of Sale Proceeds). Plaintiff did not appeal the November 1, 2022 judgment. He alleges that he was ordered to vacate the property in March 2023.

On March 19, 2023, Hicks moved the state court to stay an unspecified "trial court decision." *Id.* Plaintiff's motion to stay argued that "HSBC has neither issued a loan to the address listed… nor acquired any such loan from another party," and accused HSBC of "inaccurate liens…including child support in which defendant does not owe, and misplaced federal and tax liens." *Id.* On April 3, 2023, Hicks moved for reconsideration of the decision to grant a deed to HSBC, alleging that he was "unaware of the said [foreclosure] case until August 2022 when a Notice of Sheriff's sale was affixed on [his]

2

residential property." *Id.* Plaintiff also sought to appeal the "final judgment entry from the Municipal Civil Division entered …on September 14, 2022." *Hicks*, No. A 2000742 (Apr. 4, 2023).

The Ohio Court of Appeals dismissed Plaintiff's appeal as untimely and denied his other pending motions, including the motion to stay, as moot. The appellate court explained that any appeal of the trial court's orders was required to have been filed within 30 days of the entry of the order being appealed – a time period that had long since expired regardless of which trial court decision Hicks sought to appeal. *HSBC Bank USA, Nat'l Ass'n v. Hicks*, No. C-230154 (Ohio Ct. App. Apr. 5, 2023). Hicks subsequently filed additional documents in the trial court. Thereafter, the state court granted HSBC's motion to strike documents filed by Hicks on April 15 and April 19, 2023, including a motion to stay and a motion for reconsideration. *Hicks*, No. A 2000742 (Aug. 23. 2023).

After the state court denied his untimely appeal, on May 8, 2023, Plaintiff filed the above-captioned federal lawsuit. Plaintiff's first claim is that PHH violated 12 U.S.C. § 2605, a section of the Real Estate Settlement Procedures Act ("RESPA"). (Doc. 2 at 5). In a second claim, Plaintiff alleges that PHH violated O.R.C. §1345.02, a section of the Ohio Consumer Sales Practices Act ("OCSPA"). (Doc. 2 at 6). Citing the alleged RESPA and OCSPA violations as well as a class action lawsuit against PHH in the Southern District of Florida for alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), Plaintiff seeks injunctive and declaratory relief from this Court, including a declaration that the conveyance in foreclosure should be declared void. (Doc. 2 at 6-10). He also cites equitable factors in favor of his claims for relief, including his homelessness, health issues and age. (*Id.* at 10-11).

II. **Defendants' Motion to Dismiss**

**A. Standard of Review Under 12(b)(6)**

When a court rules on a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, it "must construe the complaint in the light most favorable to the plaintiff and accept all allegations as true. *Keys v. Humana, Inc.*, 882. F.3d 579, 588 (6th Cir. 2018). To survive the motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim of relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 66, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although a plaintiff's *pro se* complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers," the complaint must "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), and *Twombly*, 550 U.S. at 555 (internal citation and quotation omitted)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A complaint need not contain "detailed factual allegations," but must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of

4

action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

**B. Analysis of Preclusion and Statutory Cause of Action Issues**

The undersigned recommends that Defendant's motion to dismiss be granted because Plaintiff's claims are barred by claim and issue preclusion, because his requests for injunctive and declaratory relief cannot stand alone, and because Plaintiff fails to state a statutory cause of action.

**1. Res Judicata**

Under Ohio law, "[t]he doctrine of res judicata encompasses the two related concepts of claim preclusion, also known as res judicata or estoppel by judgment, and issue preclusion, also known as collateral estoppel." *O'Nesti v. DeBartolo Realty Corp.*, 113 Ohio St.3d 59, 61 (2007), *citing Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 381 (1995); *see also Stryker Corp. v. Nat'l Union Fire Ins. Co.*, 681 F.3d 819, 824 (6th Cir. 2012) (explaining virtually identical concepts under federal law). Claim preclusion denies "successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit." *Taylor v. Sturgell*, 128 S.Ct. 2161, 2171, 553 U.S. 880, 892 (2008) (internal quotation marks and additional citation omitted). "Issue preclusion, in contrast, bars "successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment," even if the issue recurs in the context of a different claim. *Id*. (quoting *New Hampshire v. Maine*, 532 U.S. 742, 748-49 (2001)).

State court judgments receive the same preclusion effects under res judicata "as they would receive in courts of the rendering state.'" *Ohio ex rel. Boggs v. City of*

*Cleveland*, 655 F.3d 516, 519 (6th Cir. 2011) (quoting *ABS Indus., Inc. ex rel. ABS Litig. Trust v. Fifth Third Bank,* 333 Fed. Appx. 994, 998 (6th Cir. 2009)). Therefore, "[i]f an individual is precluded from litigating a suit in state court by the traditional principles of res judicata, he is similarly precluded from litigating the suit in federal court." *Gutierrez v. Lynch*, 826 F.2d 1534, 1537 (6th Cir. 1987) (footnote and additional citation omitted). Furthermore, federal courts must use the rendering state's laws to examine the preclusive effects that develop from a state court judgment. *Smith v. Lerner, Sampson & Rothfuss, L.P.A.*, 658 Fed. Appx. 268, 275 (6th Cir. 2016).

### a. Claim Preclusion

In the current issue, the Defendants argue first that Plaintiff's claims are barred by claim preclusion. Doc. 5 at 6. Under Ohio law, claim preclusion has four elements:

> (1) a prior final, valid decision on the merits by a court of competent jurisdiction; (2) a second action involving the same parties, or their privies, as the first; (3) a second action raising claims that were or could have been litigated in the first action; and (4) a second action arising out of the transaction or occurrence that was the subject matter of the previous action.

*Hapgood v. City of Warren*, 127 F.3d 490, 493 (6th Cir. 1997) (citing *Felder v. Community Mut. Ins. Co.*, 1997 U.S. App. LEXIS 6622, 1997 WL 160373, at *3-4 (6th Cir. April 4, 1997)). In analyzing Plaintiff's claims, all the elements are satisfied.

Plaintiff appears to be attempting to relitigate a final judgment from state court. "Ohio law recognizes that a default judgment is a valid and final judgment on the merits." *Duncan v. U.S. Bank, NA*, 574 Fed. Appx. 599, 602 (6th Cir. 2014) (citing *Frazier v. Matrix Acquisitions*, LLC, 873 F. Supp. 2d 897, 901 (N.D. Ohio 2012)). The state court issued a default judgment and decree of foreclosure on Plaintiff's home. Since the state court default judgment is a valid, final decision, the first element is satisfied.

The second element of claim preclusion requires the "subsequent lawsuit involve the same parties or privies as the first action." *Smith v. Lerner, Sampson & Rothfuss, L.P.A.*, 658 Fed. Appx. 268, 276 (6th Cir. 2016). This case includes all of the same parties as the state court claim, satisfying the second element. *Hicks*, No. A 2000742 (Feb 14, 2020).

The third element requires the second action to raise claims that could have or were litigated in the first action. Under Ohio law, Civil Rule 13(a) governs compulsory counterclaims. *Smith*, 658 Fed. Appx. at 276. Rule 13(a) "is meant to 'settle all related claims in one action and thereby avoid a wasteful multiplicity of litigation on claims which arise from a single transaction or occurrence.'" *Id*. (quoting *Smith v. Bank of Am.*, 7th Dist. Mahoning No. 11-MA-169, 2013-Ohio-4321 (Sept. 4, 2013)). If a party fails to assert a compulsory counterclaim, the claim will be barred in subsequent actions. *Id*. To bar a claim as a compulsory counterclaim, the claim must have existed at the time of the original pleading and "must arise out of the transaction or occurrence that is the subject matter of the opposing claim." *Id*. (quoting *Countrywide Home Loans Servicing, L.P. v. Stultz*, 161 Ohio App. 3d 829, 2005 Ohio 3282, 832 N.E.2d 125, ¶ 18 (10th Dist.)). Claims arise out of the same transaction if they are "logically related to the opposing party's claim." *Id*. at 277 (quoting *Jarvis v. Wells Fargo Bank, N.A.*, 10th Dist. Columbiana No. 09CO6, 2010 Ohio App. LEXIS 2788 (Jun. 30, 2010)). In foreclosure actions, "claims that are logically related to the mortgage and foreclosure are compulsory counterclaims." *Id*.

Liberally construing the complaint, Plaintiff alleges that the Defendants' actions violated RESPA and OCSPA when handling Plaintiff's mortgage. He argues that Defendants "failed to process a loan modification" despite his attempts to obtain said

7

modification, and "proceeded with foreclosure without providing Plaintiff adequate notice." (Doc. 9 at 4, PageID 212). In opposition to dismissal, he argues that the mishandling of his attempt to obtain a loan modification violated RESPA, OCSPA and – in a reference to a new claim that is not included in his complaint - breached his mortgage contract.[2] (*Id.*) Since Plaintiff claims the Defendants improperly handled his mortgage which ultimately led to the foreclosure, these claims were available at the time of the foreclosure proceedings. And these claims are logically related to the mortgage and foreclosure, classifying them as compulsory counterclaims.[3] Having fulfilled these two requirements, the third element of claim preclusion is satisfied.

Plaintiff briefly argues that he "did not have the opportunity to assert these claims in the earlier foreclosure action since the actions giving rise to these claims occurred *after* the foreclosure action was resolved." (Doc. 9 at 4, PageID 212 (emphasis added)). Plaintiff's conclusory argument is not supported by the allegations of his complaint. Regardless, Defendants point out in their reply that "lenders are not in the habit of modifying mortgage loans once they have already foreclosed" because at that time, HSBC would have owned the property based on the state court judgment. (Doc. 10 at 2, PageID 221). In other words, even if Plaintiff had included allegations concerning the dates on which he sought a loan modification *after* the foreclosure, his allegations still

---

[2] Even liberally construed, Plaintiff's complaint does not allege a breach of contract. In fact, it contains no mention of such a claim other than a fleeting reference to the fact that *the class-action lawsuit* alleges that PHH and Ocwen Financial Services "violated …the FDCPA, the FCCPA, the FDUTPA, and/or breached borrower mortgage agreements and deeds of trust by charging Convenience Fees…." (Doc. 2 at 5, 7).
[3] In his response in opposition to dismissal, Plaintiff argues that the matters in this lawsuit were not actually litigated in either the state foreclosure action or the class action. But he offers no argument to refute that his claims amount to compulsory counterclaims that should have been previously litigated in the foreclosure case.

would fail to state any claim. The time for raising his claims was before judgment was entered in state court.

Last, the fourth element of claim preclusion may be satisfied if the second action is based on the same "transaction, or series of connected transactions, out of which the [first] action arose." *Ohio ex rel. Boggs v. City of Cleveland*, 655 F.3d 516, 523 (6th Cir. 2011) (quoting *Grava v. Parkman Township*, 73 Ohio St. 3d 379, 653 N.E.2d 226, 229 (1995)). A transaction can be defined as a "common nucleus of operative facts." *Id*. As explained, the initial proceeding involved a foreclosure action on Plaintiff's home. In the current proceeding, Plaintiff's claims arise from allegations that Defendants mishandled his mortgage. This second action is plainly based on the same series of transactions that led to the foreclosure, therefore, the fourth element is satisfied. Having established that all the requirements of claim preclusion are met, Plaintiff claims are precluded and should be dismissed.

Plaintiff's claim about improper loan fees is also precluded by a finalized class action settlement. "[I]t is now well settled that a judgment pursuant to a class settlement can bar later claims based on the allegations underlying the claims in the settled class action." *Lorillard Tobacco Co. v. Chester*, 589 F.3d 835, 848 (6th Cir. 2009) (quoting *In re Prudential Ins. Co. of Am. Sales Practice Litig.*, 261 F.3d 355, 366 (3d Cir. 2001)). Plaintiff alleges that he was part of the class in *Morris v. PHH Mortgage Corp.*, No. 20-60633-CIV-SMITH (S.D. Fla.). (Doc. 2 at 7). On June 16, 2023, the *Morris* court entered a final judgment granting settlement. (Doc. 5-2). All four elements of claim preclusion are present here. First, there was a valid decision by the Southern District of Florida. Second, both actions involved the same parties, as PHH was a defendant in the prior action and

Plaintiff was a member of the class. Third, the prior class action suit involved an identical claim, that PHH was "charging [c]onvenience [f]ees to borrowers for making loan payments by telephone, through IVR, or through the internet." (Doc. 2 at 7). The fourth element is also easily satisfied, as the same alleged improper fee assignments are the subject of both actions. Since all four elements are satisfied, Plaintiff's claim regarding improper fees is precluded.

Plaintiff argues that the *Morris* class action does not bar his claim because he is alleging willful misconduct and a contractual breach,[4] such that his claims are excepted from the scope of *Morris*. But the order granting the class action settlement in *Morris* expressly released "PHH Defendants from any and all claims of any kind that relate or arise from the PHH Defendants' collection of Convenience Fees during the relevant time periods for the Florida Class and FDCPA Class." (Doc. 5-2).

### b. Issue Preclusion

Together with claim preclusion, Plaintiff's claims are barred by issue preclusion. (Doc. 5 at 11). Under Ohio law, issue preclusion applies when "(1) there are identical parties (or parties in privity) across two suits; (2) there was a final judgment in the earlier suit; and (3) 'the relevant 'issue' was 'actually' and 'necessarily' litigated in the prior case." *Tarrify Props., LLC v. Cuyahoga Cnty.*, 37 F.4th 1001, 1109 (6th Cir. 2022) (quoting *CHKRS, LLC v. City of Dublin*, 984 F.3d 483, 490 (6th Cir. 2021)).

The first element is satisfied because the same parties were parties in the state court proceedings. *Hicks*, No. A 2000742 (Feb 14, 2020). The second element is also

---

[4]Contrary to his argument, Plaintiff's complaint contains no claim for breach of contract.

10

easily satisfied as the state court issued a default judgment, which as explained above, is a valid, final judgment. *Duncan*, 574 Fed. Appx. at 602.

For the third element to be satisfied, the issue must have been "actually and necessarily litigated." *Tarrify Props.,* 37 F.4th at 1109. Additionally, "the party against whom estoppel is sought must have had a 'full and fair opportunity' to litigate the issue in the previous action." *Aabbott v. E. I. Du Pont De Nemours & Co.,* 54 F.4th 912, 922 (6th Cir. 2022) (quoting *Walden v. State*, 47 Ohio St. 3d 47, 547 N.E.2d 962, 966 (1989). Plaintiff is attempting to relitigate the foreclosure of his home which was actually litigated in the state court proceeding. Although unsuccessful, Plaintiff had a "full and fair opportunity" to litigate the relevant issues in state court.

In his response in opposition to Defendants' motion, Plaintiff vaguely argues that the Defendants obtained their default judgment "through decidedly underhanded manners" that amounted to a denial of his right to due process of law. (Doc. 9 at 8, PageID 216). Apart from the conclusory nature of Plaintiff's allegations and argument, he could have raised any legitimate due process challenges if he had timely appealed, but he did not. Plaintiff's attempt to relitigate the state court foreclosure is evidenced by his request that this Court declare the conveyance of his home void. (Doc. 2 at 9). Having satisfied all the elements of issue preclusion, Plaintiff's claims are barred.

**2. Plaintiff's Requests for Injunctive and Declaratory Relief**

Sections III and IV of Plaintiff's complaint contain argument in support of Plaintiff's requests for injunctive and declaratory relief. (Doc. 2 at 6). Defendants correctly point out that "injunctive relief is a remedy for a claim, not a cause of action unto itself." *Allen v. Andersen Windows, Inc.*, 913 F. Supp. 2d 490, 516 (S.D. Ohio 2012); *see also Bresler v.*

*Rock*, 2018-Ohio-5138, 117 N.E.3d 184, ¶ 45 (10th Dist.). A claim for injunctive relief "has not technically stated a valid claim." *Allen*, 913 F. Supp. 2d 490, 516.

Defendants also argue that the Anti-Injunction Act bars Plaintiff's request for an injunction to the extent that he seeks to set aside or stay state court foreclosure proceedings. In his response, Plaintiff argues that he is "not seeking an injunction against a state court action but rather relief from actions of HSBC and PHH Mortgage which are in violation of federal and state consumer protection laws." (Doc. 9 at 6, PageID 214). But the complaint itself belies Plaintiff's argument. In his complaint, Plaintiff seeks an injunction to "relieve [his] home from being foreclosed upon and to preserve his rights as a class action participant." (Doc. 2 at 6, PageID 119). The first part of the request for relief seeks relief against a state court foreclosure judgment, and is barred by the Anti-Injunction Act. The second part arguably is moot; Plaintiff did not opt out of the class action lawsuit and remains a member of the class who is bound by the terms of settlement.

In Section IV of the complaint, which generally discusses declaratory relief, Plaintiff seeks to have the conveyance of his home declared void. (Doc. 2 at 9). Again, declaratory relief is a remedy, not a cognizable cause of action. *See United Specialty Ins. Co. v. Cole's Place, Inc.*, 936 F.3d 386, 410 (6th Cir. 2019) (discussing alternative remedies to declaratory relief). Defendants therefore seek the dismissal of Plaintiff's "claims" for injunctive and declaratory relief for failure to state a claim - to the extent Plaintiff is attempting to assert separate causes of action - or as prayers for relief. *See Allen*, 913 F. Supp. 2d 490, 516 (choosing not to dismiss for failure to state a claim for "Declaratory and Injunctive Relief" and instead treating it as part of the prayer for relief).

To be fair, it is not entirely clear whether Plaintiff's complaint is alleging separate causes of action for injunctive and declaratory relief. The entire complaint is drafted in the manner of a memorandum rather than a traditional pleading. It contains a Table of Authorities, a Statement of Facts, and an Argument section divided into four parts organized by Roman Numerals I-IV. (See Doc. 2). The heading for Section III of the Argument section of the complaint reads: "An Injunction Should be Granted to Relieve Dennis Hicks' Home from Being Foreclosed Upon and to Preserve His Rights as a Class Action Participant." The heading of Section IV reads: "The Pending Class Action Lawsuit Against PHH Mortgage Corporation, in which Dennis is a Part of the FDCPA Class, the RESPA and OCSPA Violations, and the Unique Circumstances of Dennis's Case, All Support a Finding that the Conveyance Should Be Declared Void." Both Sections III and IV contain additional subheadings and argument in favor of Plaintiff's requests for injunctive and declaratory relief.

In his response in opposition to Defendants' motion, Plaintiff cites to RESPA and OCSPA and argues that his "third and fourth claims allege violations of statutes that were passed to protect borrowers" rather than merely seeking relief from foreclosure. (Doc. 9 at 5-6, PageID 214). But his argument finds no support in the complaint itself, which appears to seek only injunctive relief to "relieve [his] home from being foreclosed upon and to preserve his rights as a class action participant" and to declare that the foreclosure conveyance is void. (Doc. 2-1 at 11, 14). To the extent that Plaintiff is asserting separate causes of action for injunctive and declaratory relief, he fails to state any claim. Alternatively, Sections III and IV of the complaint should be dismissed with the rest of the

13

complaint because Plaintiff's underlying RESPA and OCSPA claims are barred and he is entitled to no such relief.

### 3. Alternative Standing Argument

Along with their primary arguments about the preclusive effect of the state court foreclosure case and the class action settlement, Defendants argue that Plaintiff lacks "standing." Article III of the United States Constitution limits federal courts to deciding "'[c]ases' and '[c]ontroversies.'" *Huff v. Telecheck Servs.*, 923 F.3d 458, 462 (6th Cir. 2019). This requires courts to only "resolv[e] concrete disputes," and "makes standing an indispensable ingredient of a judicial dispute." *Id*. To show constitutional standing under Article III sufficient to establish subject matter jurisdiction, Plaintiff must show "(1) that he suffered an injury, (2) caused by [Defendants], (3) that a judicial decision could redress. *Id*. (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992)).

Defendants' argument about standing begins with a brief suggestion that Plaintiff's allegations are insufficient to establish standing under Article III. They point out that merely "alleging a bare procedural violation" will not suffice. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 342 (2016). Defendants imply that Plaintiff's "bare-bones allegations" fail to establish a sufficient constitutional "injury." But the complaint does contain an allegation that the class action lawsuit alleges misconduct through the charging of Convenience Fees "*as evidenced by Mr. Hicks' mortgage statements*." (Doc. 2 at 5 (emphasis added)). And despite some ambiguity in Plaintiff's allegations, the parties agree that he is a member of the *Morris* class. In addition, Defendants' preclusion arguments undercut their alternative argument that Plaintiff has inadequately pleaded injury in fact. In addition, alleging a minor statutory violation <u>may</u> be constitutionally sufficient if the alleged violation

14

embodies a Congressional choice "to 'elevat[e] to the status of legally cognizable injuries concrete, *de facto* injuries that were previously inadequate in law." *See Ward v. NPAS, Inc.*, 63 F.4th 576, 581 (6th Cir. 2023) (holding that a single unwanted phone call "is injury enough" under the Telephone Consumer Protection Act to establish standing).

Reading the Defendants arguments more closely, Defendants primarily assert that Plaintiff cannot show "statutory standing" even if he is able to satisfy traditional notions of constitutional standing. In support, Defendants maintain that Plaintiff seeks relief that is unavailable to him under RESPA and OCSPA. Defendants point out that RESPA does not authorize the equitable relief that Plaintiff seeks (setting aside the foreclosure) and OCSPA simply does not apply to mortgage loan services like PHH or an assignee bank like HSBC.

Defendants' arguments about Plaintiff's failure to seek relief authorized by RESPA or to state a claim under OCSPA are persuasive. To be clear, however, the arguments provide additional support for dismissal under Rule 12(b)(6) for failure to state a claim or a statutory cause of action rather than dismissal for lack of jurisdictional standing under Rule 12(b)(1). *See generally, Lexmark Intern., Inc. v. Static Control Components, Inc.*, 134 S.Ct. 1377, 1387 n.4, 572 U.S. 118, 128 n.4 (2014); *Keen v. Helson*, 930 F.3d 799, 802 (6th Cir. 2019).

### III. Plaintiff's Motion for Default Judgment

Besides Defendants' motion to dismiss, Plaintiff has moved for entry of default judgment (Doc. 4). Plaintiff's application is not well-taken. The motion is procedurally improper because no entry of default was made under Rule 55(a). Rule 55(b) requires a party to seek entry of default before moving for an entry of default judgment. *See Heard*

*v. Caruso*, 351 Fed. Appx. 1, 16 (6th Cir. 2009) (not first seeking entry of default before moving for default judgment is procedurally improper).

The motion also misconstrues the allowable number of days to answer or respond to the complaint. Ohio Rules of Civil Procedure 12(a) requires that the "defendant shall serve his answer within twenty-eight days after service of the summons and complaint upon him." And Federal Rule of Civil Procedure 81(c)(2)(C) states that a defendant who does not file an answer before removing the suit may do so within seven days after the notice of removal is filed.

The summonses were delivered on May 12, 2023. (Doc. 3-1 at 2). Defendants timely removed this case on June 9, 2023, twenty-eight days after they were served. (*See* Doc. 1). Seven days following removal, Defendants moved to dismiss the complaint. (Doc. 5). All of Defendants' actions were within the allowable timelines under both the Ohio and Federal Rules of Civil Procedure. Thus, Plaintiff's motion should be denied.

### IV. Conclusion and Recommendations

Accordingly, **IT IS RECOMMENDED THAT:**

1. Defendants' motion to dismiss (Doc. 5) should be GRANTED;
2. Plaintiff's motion for default judgment (Doc. 4) should be DENIED

                                                 _s/Stephanie K. Bowman_
                                                 Stephanie K. Bowman
                                                 United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

DENNIS PAUL HICKS,

    Plaintiff,

        v.

PHH MORTGAGE CORPORATION,
INC., et al.,

    Defendants

Case No. 1:23-cv-356

Cole, J.
Bowman, M.J.

**NOTICE**

Under Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).