UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

**DENNIS PAUL HICKS,**

    **Plaintiff,**

    v.

**PHH MORTGAGE CORPORATION, INC.,** *et al.,*

    **Defendants.**

Case No. 1:23-cv-356

**JUDGE DOUGLAS R. COLE**
Magistrate Judge Bowman

## ORDER

Before the Court is Magistrate Judge Bowman's Report and Recommendation (R&R, Doc. 11). The R&R advises this Court to grant Defendants PHH Mortgage Corporation, Inc.'s (PHH Mortgage) and HSBC US Bank, National Association's (HSBC Bank) joint motion to dismiss (Doc. 5) Plaintiff Dennis Hicks's complaint (Doc. 2) and to deny Hicks's motion for default judgment (Doc. 4). (Doc. 11, #241). For the reasons briefly discussed below, the Court **ADOPTS** the R&R in full, **GRANTS** Defendants' motion to dismiss, and **DENIES** Hicks's motion for default judgment. The Court accordingly **DISMISSES** Hicks's claims **WITH PREJUDICE**.

To start, the R&R advised that both parties would have 14 days to object or else risk forfeiting their right to de novo review of the R&R by this Court, as well as their right to appeal. (*Id.* at #242); *Thomas v. Arn*, 474 U.S. 140, 152–53 (1985); *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (noting the "fail[ure] to file an[y] objection[s] to the magistrate judge's R&R … [constitutes a] forfeiture" of such objections); 28 U.S.C. § 636(b)(1)(C). Neither party objected, so this Court will review

the R&R only for "clear error." *See Redmon v. Noel*, No. 1:21-cv-445, 2021 WL 4771259, at *1 (S.D. Ohio Oct. 13, 2021) (citing the advisory committee notes to Federal Rule of Civil Procedure 72(b)).

The Court finds no clear error in the R&R. The crux of Hicks's claims stems from his dealings with PHH Mortgage, his home loan servicer. After falling behind on his mortgage payments, Hicks sought a loan modification. (Doc. 2, #117); *see* In rem Judgment Entry at 2, *HSBC Bank USA, Nat'l Ass'n v. Hicks*, No. A 2000742 (Hamilton Cnty. Ct. Common Pleas, Sept. 17, 2021) (*Hicks Foreclosure*).[1] While attempting to secure that loan modification, PHH Mortgage allegedly failed to inform Hicks of critical documents that he needed to fill out and return to PHH Mortgage. (Doc. 2, #117). Presumably because the loan modification was never executed and Hicks remained in default on his loan, the holder of his home loan (HSBC Bank) initiated foreclosure proceedings. Complaint at 4, *Hicks Foreclosure* (Feb. 14, 2020). After receiving no response from Hicks, HSBC Bank moved for and obtained a default judgment against Hicks. In rem Judgment Entry at 1, 5, *Hicks Foreclosure*. The court then ordered a sheriff's sale of the property, and HSBC Bank "purchased" the property on September 14, 2022.[2] Order for Second Sale, *Hicks Foreclosure* (July 22, 2022); Entry Confirming Sale, *Hicks Foreclosure* (Nov. 1, 2022).

---

[1] The Complaint does not explicitly admit that Hicks missed payments but the Court, like Magistrate Judge Bowman, takes judicial notice of the foreclosure action because the state court records are central to the resolution of the case and subject to judicial notice. (Doc. 11, #226 n.1).

[2] A previous sheriff's was ordered and cancelled, which is why the ultimate order was an order for a "second sale." Notice of Sale, *Hicks Foreclosure* (Jan. 14, 2022); Entry Withdrawing Sheriff's Sale, *Hicks Foreclosure* (Jan. 31, 2022).

Hicks responded by suing HSBC Bank and PHH Mortgage in the Hamilton County Court of Common Pleas. (Doc. 1-1). Defendants then removed that case to this Court. (Doc. 1). Hicks now seeks to undo the sale of his former home, alleging that Defendants violated the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2601 *et seq.*, and the Ohio Consumer Sales Practices Act, Ohio Rev. Code § 1345.01 *et seq.* (Doc. 2, #118–19). Unfortunately for Hicks, as Magistrate Judge Bowman pointed out, the doctrine of res judicata precludes those claims. (Doc. 11, #230).

State court judgments are equally preclusive in federal court as they would be in the "courts of the rendering state." *Ohio ex rel. Boggs v. City of Cleveland*, 655 F.3d 516, 519 (6th Cir. 2011) (cleaned up). Thus, this Court looks to Ohio state law to assess the preclusive effect of the prior judgment in the *Hicks Foreclosure. Id.* Under Ohio law, a subsequent claim is precluded when there is (1) "a prior final, valid decision on the merits by a court of competent jurisdiction"; (2) "a second action involving the same parties, or their privies, as the first"; (3) "a second action raising claims that were or could have been litigated in the first action"; and (4) "a second action arising out of the transaction or occurrence that was the subject matter of the previous action." *Hapgood v. City of Warren*, 127 F.3d 490, 493 (6th Cir. 1997). For the purposes of element one, a default judgment is a "valid and final judgment on the merits." *Duncan v. U.S. Bank, NA*, 574 F. App'x 599, 602 (6th Cir. 2014). For element three, when the plaintiff in the current action was a defendant in the prior action, the Court looks to the local state rules governing compulsory counterclaims to determine whether a claim "could have been litigated" in the first action. *See Smith v. Lerner,*

3

*Sampson & Rothfuss, L.P.A.*, 658 F. App'x 268, 276 (6th Cir. 2016) (citing Ohio Civil Rule 13(A) when discussing the third element of claim preclusion).

Here, Hicks's foreclosure action precludes this suit. A prior final, valid decision (the default judgment) authorized the sale of Hicks's prior home. The prior action involved Hicks and HSBC Bank (both parties here, as well). And PHH Mortgage, though not a party in the prior suit, is in privity with HSBC bank as its loan servicer. *GMAC Mortg., LLC v. McKeever*, 651 F. App'x 332, 335, 343 (6th Cir. 2016). Furthermore, Hicks, under Ohio Civil Rule 13(A), could have brought his RESPA and Ohio claim because, insofar as he is arguing that Defendants' violation of either statute resulted in an incomplete loan modification that would have prevented him from defaulting on his home loan, (Doc. 2, #118–19), those claims "logically relate[]" to the mortgage and therefore "could have been litigated" in the prior foreclosure action. *Lerner*, 658 F. App'x at 276–77; *Hapgood*, 127 F.3d at 493. Lastly, Hicks's claims arise out of the same transaction or occurrence as the prior claim because he is seeking to literally undo a sales transaction that was the subject of the prior foreclosure action. Accordingly, Hicks's claims, insofar as he seeks[3] an injunction to

---

[3] Hicks references in his Complaint a class action in Florida involving PHH Mortgage's allegedly illegal servicing fees for their home loans. (Doc. 2, #118). Hicks argues that this class action supports a finding that the conveyance of his former home should be declared void in *this* case. (*Id.* at #118, 122). Obviously, that separate class action involving home loan service fees cannot support an argument that an entire foreclosure should be set aside. But to the extent Hicks might be asserting any entitlement to recoup fees in this case, Hicks's inclusion in the settlement class for that Florida action means that he is bound by the settlement in that case. (*Id.* at #122). That settlement released all claims arising from PHH Mortgage's wrongdoing underlying that suit. *Morris v. PHH Mortgage Co.*, No. 20-60633, 2023 WL 5422523, at *2, *4 (S.D. Fla. June 16, 2023).

"relieve [his] home from being foreclosed upon" and a "finding that the conveyance should be declared void" are precluded and must be dismissed. (Doc. 2, #119, 122).

Lastly, Hicks is not entitled to default judgment. Federal Rule of Civil Procedure 81(c)(2)(C) states that a defendant who did not answer a pleading before removal must answer or present other defenses within 7 days after the notice of removal. Defendants removed this case on June 9, 2023, and moved to dismiss on June 16, 2023, within the one-week time window. (Docs. 1, 5). As Defendants properly responded to Hicks's Complaint, he is not entitled to default judgment.

Accordingly, the Court **ADOPTS** the R&R in full, **GRANTS** Defendants' motion to dismiss (Doc. 5), **DENIES** Hicks's motion for default judgment (Doc. 4), and **DISMISSES** Hicks's claims **WITH PREJUDICE**. The Court **DIRECTS** the Clerk to enter judgment and to **TERMINATE** this case on its docket.

 **SO ORDERED.**

January 18, 2024
**DATE**

            **DOUGLAS R. COLE**
            **UNITED STATES DISTRICT JUDGE**